Good morning, Your Honors. My name is John Clifford. I represent the appellants Alvin Norblad and Richard Lafour. As the Court is aware, my clients are appealing from two separate orders of the District Court, a June order granting a 12b6 motion to dismiss a Second Consideration and denying a request for leave to amend the Second Complaint. My clients are here for the second time in this case, simply seeking relief from Your Honors in hopes that at one point we might have a merits hearing in the District Court. As the Appellate Court is no doubt aware, this second appearance in the Appellate Court is two appearances more than we have been granted in the District Court. Do we have jurisdiction to hear this appeal? I mean, I guess there's two appeals. Do we have jurisdiction to hear the appeal from the, I guess, August, June 14 order? You do, Your Honor. And why is that? What we've got, and if we look at the practical effect rather than labels, what we have is a motion to dismiss with prejudice. The order granting it says simply the order is granted. But then it clarified what it was doing, and it said the action was, it says, it doesn't say this action is dismissed in the reconsideration order. It says this action was dismissed without prejudice. Correct. But that August order also denied our motion for leave to amend. So practically speaking … Well, wait a second. Where does it, where's your motion for leave to amend? It's contained within the motion for reconsideration. How do you know the judge actually ruled on it? Well, here's the box that the District Court put us in. I can't bring a Rule 15 motion according to the local rules, file an amended pleading, the things that one would normally do, because I haven't had the benefit of any input as to what was wrong in the Court's view with my second amended complaint. Well, I wouldn't say you didn't have any input. I mean, you did say signed her. As of the filing of the motion for reconsideration, I had a sentence that said the motion is hereby granted. So I am confident, comfortable saying I had no input whatsoever at the time the motion for reconsideration is filed. And then when the August order comes out, it does two things. It denies me any opportunity to go back on the June order because it has denied my request for leave to amend. And it also says the action, not the complaint, but the action is dismissed, which grant, which gives us a final appealable order. Well, I'm not sure about that. I think that's the question because the District Court did not close this case. If you look at the orders where it has the check marks, the way I would read this is that he's waiting for you to amend your complaint to establish signed her and that he didn't roll on the motion for leave to amend. But again, this is why we have to look to the practical effect rather than guessing games that counsel might engage in. From appellant's perspective, we have requested reconsideration simply saying, please give us some input as to why you believe this pleading is not sufficient. We have said we would request permission to file an amended complaint once we basically have a ruling on the motion for reconsideration. And then that is denied. So the practical effect is what steps do I have left? I could have brought a Rule 59 motion to reopen, or I've got a final appealable order. What about filing a third amended complaint that alleges signed her? But I think it's entirely understandable that our view is. It's understandable. I mean, I understand the District Court did not. It didn't express the rule one way or the other on your request for leave to amend that was in your opposition. It wasn't a separate motion. I mean, we can guess what happened, but probably not. There's no ruling on it. Except that if the court will keep in mind that the totality of sentences, not orders, but sentences that we have gotten back over the course of this litigation is, I believe, six sentences from the District Court. So for the court to simply throw in an additional sentence, that's twice the feedback from the District Court we've ever had. So it would have been extraordinarily unusual for this court, the District Court, to have given us anything. If the case isn't closed, so you could have filed a third amended complaint. Do you know what I'm talking about? I understand what you're saying, but I think if you look at the totality of the case, the only way to view this last August order is as a final order. The case, he says it was dismissed for failure to plead scienter. Without prejudice. Right. And it's silent. So without prejudice means that you can file. Except that the request for leave to amend, it says the motion is granted. It doesn't say the motion for reconsideration is. It says the motion, or excuse me, the motion is denied. So I believe it's understandable, and I believe that the only practical effect that's fair for this Court to infer, given the brevity, I'll be kind and say communication we've had from the District Court is a single sentence. I think we could say we had no jurisdiction and send it back to him and say, allow the filing of a third amended complaint and give your reasons, you know, if you're. Which is really all we're looking for. I do believe that the second amended complaint is more than sufficient under Rule 9b, under the PLSRA. Well, now, I mean, I. However. Yeah, I think you definitely could have alleged scienter with more specificity, as well as the falsity of the statements. Correct. But what I'm here saying is we are entitled to not only a statement from the District Court, but in regards to our request for leave to amend, we're also required, are entitled to either leave to amend or a statement of reasons why leave to amend is not being granted. So really, all we're looking for is a chance to go back. We're not necessarily saying, please rule it sufficient. We're saying either this district and this circuit is about liberal amendment of pleadings or not. Either this district and this circuit is about having matters heard on the merits or it isn't. And fairness would dictate that we have an opportunity to have the feedback that we've requested from the court and a chance to amend. Well, why don't we hear from the other side on this issue and then we'll save the rest of your time for rebuttal. Thank you, Your Honor. Good morning, Your Honors. May it please the Court, my name is Mark Ruppell. I'm with Latham & Watkins. I represent the defendants. With me this morning in the gallery is Mr. Farbad Mordani, who is visiting with our firm from Boalt Hall this summer. I approach this in terms of the argument by looking at the appellant's reply brief. And there they say that, with respect to the appealability of the June 10 order, quote, on its face, the June 10 order dismisses the complaint with prejudice. That's just not true. It's not true based on the August interpretation. So is your position this is not an appealable order? Yes, Your Honor. I looked at your motion and you didn't ask for dismissal with prejudice in the motion. No, I think we — Moving papers didn't ask for it. I thought we had a footnote which said, among other things, the Court should review my declaration and Mr. Hite's declaration to consider the procedural history here in deciding whether to grant leave to amend further, which would be Plaintiff's sixth complaint, and argued that the Court should not grant leave to amend. But it is clear that the plaintiffs, at the time they filed their motion for reconsideration, did not understand that the June order was a dismissal with prejudice. At page one of their brief, which is tab 20 in the record, they say, quote, the wording of the June 10 order makes it unclear if the Court grants or declines leave to amend. That was reinforced by the August order. I would submit this case is just like the first appeal that the plaintiffs filed, where they appealed from a non-appealable order. They spent a lot of time and cost my client a lot of money, and they go back, and the only comment — I'm not sure whose fault it is with these orders. It does — as Judge Wardle said, it doesn't really matter much, but it does put lawyers in a somewhat difficult position if there's not more of an explanation than this. And even, for example, the first time, it says that the motion to dismiss the complaint is granted. The second time, it says that the action was dismissed. I don't know whether the complaint was dismissed or the action was dismissed. They seem to be somewhat inconsistent, the two orders. Well, whether the complaint was dismissed or the action was dismissed without prejudice, I think it's clear that the June order is not appealable, and this Court ought to dismiss that appeal the same way that it dismissed the appeal — And the second order? The second order should be upheld, Your Honor. The Court properly — If that is appealable, can it dismiss it without prejudice? Your Honor, the appeal from the motion for reconsideration, assuming the Court can consider that as an interlocutory appeal, I believe the evidence is clear that Judge Hatter properly exercised his discretion. To do what? The appellants did not — I'm sorry, I didn't — You said discretion to do what? To deny their motion to reconsider the decision granting our motion to dismiss. But it's in the motion to dismiss without prejudice. That's what he says. The action was dismissed without prejudice, he says. And he didn't close the case. He did not close the case. That's what really bothers me, because I — you know, I — having been a district court judge on the central district, I know the meaning of this, and I know that you want to get the cases off your docket so that your numbers are down, you know, at the end of the month. So you close cases if you can, if you're really dismissing the action, you close the case. And it just said send on the reconsideration order. Now, I think on the prior order, where I clearly — I think we don't have jurisdiction for other reasons, he did — he did somewhat administratively close this after the second order, because it's a J.S. 6. So, meaning that the case — the action's still pending, but it — I mean, it could — something else could happen, or maybe nothing's going to happen at all. And so you kind of just shelve it. But he didn't close it. In other words, take it entirely off of his docket. That may also be an administrative oversight, although, if you're honest — He took a lot out of the boxes. Sorry? He was careful to check a lot of other boxes. The other problem is, I think that when they requested — when your opposing counsel requested leave to amend, there wasn't a separate document or anything. And so there's not a real — we don't really have a ruling on the leave. And, in fact, Your Honor, the request for leave to amend was expressly conditional. If you look at page 6 of the motion for reconsideration, I believe it's tab 20, heading C reads, quote, if the court decides to provide reasons for the June order as respectfully requested herein, the court should also grant leave to amend. So, in fact, the request for leave to amend was conditioned upon a further explanation of the June order. The court provided some grudging explanation. I frankly think the lack of an explanation for the court issuing the June order is something of a red herring. It's a very straightforward motion to dismiss that we filed. It's the same motion to dismiss that we filed, I think, three times now. And the plaintiffs keep coming up with some new theory. They'll drop defendants. They'll add some allegations. But, fundamentally, there is just no there there in this lawsuit. They're complaining, essentially, that we entered into licensing agreements and recognized the revenue as accounts receivable. And they somehow understood that we were getting cash pursuant to these contracts. If they had read our account recognition policy, if they had read our SEC filings, they would have understood that the fact that you recognize revenue pursuant to a license does not mean that the company actually has cash in hand. And they apparently, if you look through paragraph 32 of their complaint, it has umpty-umpty sub-paragraphs talking about why the statements are purportedly false. And each one, essentially, you can re-characterize or you can paraphrase and say, we thought it was cash. It was actually an account receivable. That's just not actionable in this situation, given the disclosure that Veronica's put out. Well, I agree with you. I would agree with you on the merits of the second amended complaint. But it seems to me we're still left with the case that's pending with the district court. And somehow, I don't recall what the local rules say about filing a third amended complaint, that somehow we need some sort of a final ruling from this judge that amending would be futile under these circumstances, because there's no set of facts that can give rise to an action against a client here. Assuming the court sends it back, I believe it's up to the plaintiffs to prepare a third amended complaint or prepare whatever they think is to amend to file what will be their sixth effort to state a viable claim for relief against my clients. And then if the district court would make a ruling which would say a little more about the merits and why it's doing what it did and why they shouldn't have leave to amend, then we could review it. And perhaps someone could submit an order that says this case is dismissed with prejudice and no further, you know. It's the action, they could say. The action is dismissed with prejudice. I know the court frowns on findings and conclusions prepared by counsel, but I would submit if we get back to it. We may not read them quite the same way as we would if. But it's better to have them by counsel than have nothing. And maybe you can help the district judge if you suggest to him what kind of an order he should do. I'll certainly. If he agrees with you, he will maybe adopt it. And well, OK. I guess, do you want to hear any more? No, thank you. That's fine. Thank you. 30 seconds. Yeah, sure. The sense I get from the panel is you're far less concerned with the allegations, what might be alleged, and more with the mess that has been delivered on your doorstep. I would just submit that no one can know the inner workings of a district court and the boxes and the import like a district judge. Everything that the appellants have done in context of the orders that we were given is entirely reasonable. This circuit doesn't require a formal notice of motion and a pleading. Case law supports that. And as I stated before, how would I have gone about doing that? I didn't know. We're not faulting you at all. So I would submit the appropriate thing is send it back, and let's do it right. However we get there, I'm not sure if there's something an appellant needs to bring to the district court. But I believe a cause of action can be stated. There are more than enough facts. But you represent, you have additional facts supporting sign terror and falsity that you could use to produce a third amendment. Certainly. One of my complaints here is simply that if the district court, and again we're guessing because we don't have the privilege and the benefit of the district court's thinking, but if the district court factored these SEC alleged disclosures in at all, we should have had the opportunity to respond. Obviously I can address that in an amended pleading. We have, I believe, more than enough specifics. And again, if this circuit is about a liberal amendment of pleadings, we deserve a shot with some foreknowledge of what the district court found lacking in previous. This would be your sixth opportunity? That's not accurate, your honor. We have two amendments thus far in this particular go around. We had a pleading that was submitted initially that came up before your honors. And then we had a separate action filed and later dismissed, basically. So this would be, the next one would be essentially five. But again, I think it's important to notice, this is the first time, actually the second time we've had any indication as to what the court was looking for. For example, the motion to dismiss, I believe, had, or at least raised, allegations of statute of limitations in regards to the California Corporation Code 25400. Did the court dismiss because we weren't sufficiently particular, or did the court dismiss on time-barred grounds? Those are the issues that I think at least fairness would dictate we get another shot. Thank you. Thank you, counsel. Your honors, I can quickly demonstrate that this will be their sixth appointment. No, no, you don't have to. Thank you, that's fine. Five or six. Thank you, your honor. Okay. All right, the case just argued will be submitted. The court will stand in recess for the day. Court is adjourned.
judges: Reinhardt, Trott, Wardlaw